UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | NO. 2:07-CV-142 |
| ) | |
| EASEMENTS AND RIGHTS OF WAY, ) | |
| *ETC. , ET AL.* ) | |

## **REPORT AND RECOMMENDATION**

The landowners have filed a motion to recover expert witness fees incurred as a result of a discovery deposition. (Doc. 81). That motion has been referred for either disposition or for report and recommendation by order of the district judge.[1]

Since the motion is post-trial, the appropriate vehicle for resolution of this issue is by a report and recommendation. *See*, 28 U.S.C. § 636(b)(1).[2]

On November 5, 2009, counsel for the plaintiff–condemnor took the pretrial discovery deposition of one of the landowners' expert witnesses, Mr. Lowell Carter, at the TVA building in Knoxville, Tennessee. Mr. Carter ultimately submitted a bill in the amount of $1,350.00 to his clients, the landowners, in relation to that discovery deposition. By this current motion, the landowners ask that the plaintiff-condemnor should be required to reimburse the landowners for Mr. Carter's fees. Respectfully, this magistrate judge

---

[1]Doc. 82.

[2]In light of the recommended disposition of the motion, there was no need to await a response by the plaintiff; *see*, L.R. 7.2

disagrees.

This of course was a condemnation action by which the Tennessee Valley Authority acquired *via* imminent domain an easement across the landowners' property. The only dispute was the compensation to be paid by the TVA to the landowners. The landowners filed a motion asking permission to use Mr. Carter as an expert witness almost a year after the deadline had passed for disclosing expert witnesses, and understandably the plaintiff vigorously resisted that motion. Had the court denied that motion, it could not have been successfully argued that it would have been an abuse of discretion in light of the inordinate amount of time that had passed for disclosing expert witnesses. On the other hand, to deny the landowners' motion presumably would have been detrimental to them at least to some extent. To grant the motion undeniably would have placed something of a burden upon the plaintiff at that relatively late date.

In an effort to accommodate the landowners and also minimize any moderate prejudice to the plaintiff, the court ordered the landowners to make Mr. Carter available at TVA's offices in Knoxville for a deposition.[3] Although that order did not explicitly so state, it was contemplated by the magistrate judge -- assumed, if you will – that the landowners would bear all of Mr. Carter's fees and travel expenses regarding the deposition in Knoxville since, after all, they were somewhat fortunate in getting to use Mr. Carter as an expert witness. And it cannot be said that Mr. Carter's ultimate participation in this case was

---

[3]*See*, Order, Doc. 32.

insignificant or inconsequential. Mr. Carter's methodology, upon which the landowners heavily relied, ultimately became the subject of a hotly-contested motion *in limine* filed by the plaintiff which this court ultimately denied[4]

It is respectfully recommended to the district judge that the landowners' motion (Doc. 81) be denied for either or both of two reasons:

(1) it was initially contemplated by this magistrate judge that the landowners would be responsible for any of Mr. Carter's fees and costs in relation to his discovery deposition since he was disclosed as an expert witness twelve months after the deadline; and

(2) it is simply fair that the landowners bear this cost under the circumstances described above.[5]

Respectfully submitted,

                                    s/ Dennis H. Inman
                                    United States Magistrate Judge

---

[4]*See*, Doc. 62.

[5]Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).